IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 13 2020
ARTHUR JOHNSTON
BY _____ DEPUTY

CHARLES PUMILIA                                          PLAINTIFF

VERSUS                              CIVIL ACTION # 2:20cv152-KS-MTP

OSMOSE UTILITIES SERVICES, INC.
AND DEMARKUS KING                                        DEFENDANTS

## COMPLAINT

NOW COMES plaintiff, Charles Pumilia, a person of the full age of majority, and a citizen of Louisiana, where he resides and is domiciled in the city of Covington, and represents as follows:

1.

Named defendants herein are:

    a.    Osmose Utilities Services, Inc., upon information and belief, a foreign corporation formed in Delaware, having its principal place of business in Georgia, and therefore it is a citizen of those two states; and is further authorized to do and doing business in the State of Mississippi; and

    b.    Demarkus King, a person of the full age of majority and a citizen of Mississippi, where he resides and is domiciled in the town of Sumrall.

2.

Venue is established based upon the fact that the incident which is the subject of this lawsuit occurred within this judicial district.

3.

Jurisdiction is established under Title 28, Section 1332 of the United States Code based on the diversity of citizenship between the parties and further upon the grounds that the amount

in controversy for the plaintiff exceeds $75,000, exclusive of interest and costs (based upon the fact that the automobile collision which is the subject of this Complaint caused plaintiff significant injury, including but not limited to two fractured ribs and internal damage to his left shoulder which failed conservative care and now requires a surgical procedure, i.e., a rotator cuff repair, left shoulder arthroscopy, decompression and distal clavicle excision, all of which will cause his past and future medical expenses to exceed the minimum jurisdictional limits)..

4.

On or about April 27, 2018, plaintiff, Charles Pumilia, was lawfully operating his vehicle while driving southbound on U.S. Highway 49 in Hattiesburg, Mississippi when suddenly and without warning his vehicle was broad-sided on his driver's-side door by a commercial vehicle operated by defendant, Demarkus King, as King's vehicle was attempting to cross Mr. Pumilia's favored roadway and lane of travel.

5.

The aforesaid collision occurred through no fault of the plaintiff; rather, the collision was caused solely by the fault and negligence of the defendant, Demarkus King, based on the following acts and omissions:

a. Failure to see what should have been seen;

b. Failure to yield;

c. Operating one's vehicle at an excessive rate of speed;

d. Inattention;

e. Failure to keep a proper lookout for other traffic;

f. Failure to maintain the proper degree of control of the vehicle;

g. Failure to warn;

    h.    Violation of applicable local, state and federal highway laws and regulations regarding the operation of motor vehicles, including but not limited to commercial motor vehicles; and

    i.    Any and all other acts of negligence, recklessness and fault as will be shown at the trial of this matter.

6.

At all material times herein, and at the time of the collision which is the subject of this lawsuit, Demarkus King was acting within the course and scope of his employment with Osmose Utilities Services, Inc. Further and/or in the alternative, at the time of the aforesaid collision, Demarkus King was operating on an errand for, and acting as an agent of Osmose Utilities Services, Inc. As a result of this employment relationship and master/servant relationship Osmose Utilities Services, Inc. is vicariously liable for the negligent acts and omissions committed by its employee, Demarkus King, as further described herein. Further, Osmose Utilities Services, Inc. is independently liable for its negligent hiring, training and supervision of Demarkus King, in addition to its negligent entrustment of its vehicle to him.

7.

As a result of the aforesaid collision, plaintiff suffered injuries and losses for which plaintiff seeks all reasonable past and future damages from the defendant, including, but not limited to physical pain and suffering, past and future medical expenses, past and future disability, mental anguish and emotional distress, loss of the enjoyment of life, loss of wages and/or earning capacity, loss of use, property damage and related expenses, punitive damages to the extent allowed by law, and all other damages as may be assessed following a trial of this matter.

8.

Plaintiff is entitled to a trial by jury and respectfully requests a trial by jury on all issues raised herein.

WHEREFORE, plaintiff, Charles Pumilia, prays that defendants, Osmose Utilities Services, Inc. and Demarkus King, be served with a copy of this Complaint and after being duly summoned to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be trial by jury, individual judgment rendered herein in favor of plaintiff, and against the defendants, for any and all damages, as alleged, together with legal interest and for all costs of these proceedings, and for all legal and equitable relief this Honorable Court shall deem appropriate.

RESPECTFULLY SUBMITTED, this 11th day of August, 2020.

SILBERT, PITRE & FRIEDMAN

DAVID PITRE (MS Bar #99388)
1303 Spring Street
Gulfport, Mississippi 39507
Telephone: (228) 822-2404
Fax: (228) 822-9942
Email: david@spflawyers.com
Attorney for Plaintiff